IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CURTIS WILLIAMS,

      Plaintiff,

v.                                                          No. CIV-05-0524 JB/RHS

JOE WILLIAMS, JOSE ROMERO,
WEXFORD HEALTHSOURCE AND
ITS EMPLOYEES,
JOE KAYHILL, ELMER PACHECO,

      Defendants.

MEMORANDUM OPINION AND
ORDER TO SHOW CAUSE

      This matter is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff also filed a motion for appointment of counsel, which will be denied without prejudice at this time. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And according to the provisions of 42 U.S.C. §

1997e(a), "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have failed to provide adequate necessary medical treatment to Plaintiff, who suffers from amyotrophic lateral sclerosis. Plaintiff also complains of unsanitary and unsafe conditions of confinement. He claims Defendants' conduct has violated certain of his constitutional protections, and he seeks damages and injunctive relief. His attempts to obtain administrative relief have consisted of writing to the warden and speaking to the doctor, all to no avail.

Plaintiff's allegations do not appear to meet the requirements of 42 U.S.C. § 1997e(a). "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.' " *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 121 (10th Cir. 2003) (quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). "[T]he PLRA . . . requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). "Nor is [Plaintiff's] argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive--the doctrine of substantial compliance does not apply." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Under these standards, Plaintiff has not sufficiently shown exhaustion of administrative remedies. He will be required to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 3)

is DENIED without prejudice at this time;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall file a response showing cause, if any, why his complaint should not be dismissed for failure to exhaust administrative remedies.

_Robert Hayes Scott_
UNITED STATES MAGISTRATE JUDGE